IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MICHAEL MCGILL**                                                                    **PETITIONER**
**ADC #180118**

**v.**                                         **Case No: 4:25-cv-00504-LPR**

**DEXTER PAYNE**                                                                      **RESPONDENT**

## ORDER

The Court has reviewed the Amended and Substituted Recommended Disposition (RD) submitted by United States Magistrate Judge Edie R. Ervin (Doc. 28) and the Petitioner's Objections (Docs. 29). After a *de novo* review of the RD, along with careful consideration of the Objections and the entire case record, the Court hereby approves and adopts the RD in its entirety as this Court's findings and conclusions in all respects.[1]

---

[1] There are a (very) few scrivener's errors in the RD. None of them affects the analysis or outcome the Court reaches. *See, e.g.*, Doc. 28 at 6 (last line: "December 23" should be "December 29"); *id.* at 7 (fifth line: "was" should be "want"); *id.* at 7 (sixth line: immediately after the Arkansas Code citation, the close quotation mark should be replaced by an ellipsis). As for Mr. McGill's Objections, they do not persuade the Court. The most serious contention Mr. McGill makes in his Objections is that he was prevented from filing his state habeas petition in Jackson County Circuit Court. He says that, when he tried to do so, the Jackson County Court Clerk "returned the petition and said [he] had to file it in [the] county of conviction . . . ." Doc. 29 at 4. Why does Mr. McGill think this matters? Because the RD's conclusion that the federal habeas petition was untimely is largely based on its conclusion that the state habeas petition was improperly filed. *See* Doc. 28 at 13–18. And that latter improper-filing conclusion is based on the (correct) notion that the state habeas petition should have been filed in Jackson County Circuit Court as opposed to Sebastion County Circuit Court. Mr. McGill seems to be contending that, if the reason Mr. McGill did not file the state habeas petition in Jackson County Circuit Court was that the Court Clerk refused to file it, Mr. McGill should be given the benefit of either statutory or equitable tolling. But this contention has more than one problem. First, Mr. McGill did not include these supposed facts (being prevented from filing his state habeas petition in Jackson County Circuit Court) in his federal Petition, Amended Petition, or Motion to Dismiss briefing. And he never—in any of those documents—raised the point as a reason for statutory or equitable tolling. Objections are not the place for the introduction of new facts or arguments that could have been, but were not, included in the operative Petition(s) or briefing papers. Second, even assuming arguendo the Court could and should take cognizance of (and credit) the new facts and argument, the result would not change. That the Jackson County Clerk may have been partially to blame for the state habeas petition being filed in the wrong place does not affect whether statutory tolling is available. The statutory tolling analysis is not concerned with the reasons why a state habeas petition was improperly filed. The statutory tolling analysis is only concerned with whether the state habeas petition actually was improperly filed. *Cf. Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that an application is "properly filed" when the document's "delivery and acceptance are in compliance with the applicable laws and rules governing filings[,]" such as those that "prescribe . . . the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee"); *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (concluding that time limits constitute "filing conditions" as described in *Artuz* and holding that "[w]hen a postconviction petition is untimely under state law, 'that

Accordingly, Respondent's Motion to Dismiss (Doc. 9) is GRANTED.  Petitioner Michael McGill's Petition and Amended Petition for Writ of Habeas Corpus (Docs. 2, 6) are DISMISSED with prejudice.  A certificate of appealability will not issue.  The Clerk is instructed to close this case.

IT IS SO ORDERED this 12th day of June 2026.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[is] the end of the matter' for purposes of § 2244(d)(2)" (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002))). Additionally, that the Jackson County Clerk may have been partially to blame for the state habeas petition being filed in the wrong place does not affect whether equitable tolling is available.  That's because the equitable tolling analysis is focused on whether an extraordinary circumstance prevented a diligent petitioner from timely filing his *federal* habeas petition.  *See Holland v. Florida*, 560 U.S. 631, 650 (2010) ("Equitable tolling . . . asks whether federal courts may excuse a petitioner's failure to comply with *federal* timing rules, an inquiry that does not implicate a state court's interpretation of state law."); *Gordon v. Arkansas*, 823 F.3d 1188, 1195 (8th Cir. 2016) ("Here, the first question is whether [Petitioner] has shown reasonable diligence to equitably toll the *federal timing rules* for filing his *federal habeas petition*—not his [state postconviction] petition." (citing *Holland*, 560 U.S. at 650)).  Nothing the Jackson County Clerk did with respect to the state habeas petition prevented Mr. McGill from timely filing a *federal* habeas petition.  As the Amended RD explains in footnote 16 of Doc. 28, Mr. McGill was not required to wait to file a federal habeas petition until he exhausted his state claims.  He could have filed his federal habeas petition by the May 29, 2023 deadline and the asked the federal court to stay that federal petition until the state claims were exhausted.  *See Pace*, 544 U.S. at 416 ("A prisoner seeking state postconviction relief might avoid this predicament . . . by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted.").